The fifth case is United States v. Teague. Mr. Jeremy Cutchin. Thank you, Your Honor. Good morning. My name is Jim Cutchin. I'm an assistant U.S. attorney, and I represent the United States in this appeal. At issue today is whether second-degree murder under Illinois law, that is, the knowing or intentional murder of a human being is a crime of violence within the meaning of Section 4B1.2. The government believes that the answer to that question is obvious, and this Court has as well in the past, in particular in the case of United States v. Lee. Now, would you concede that 4B1.2a would not be triggered by a prior conviction involving only reckless or negligence conduct? Your Honor, I would concede that this Court has previously indicated that. The government has taken the position in other circuits, and I believe before the Supreme Court, that at least reckless conduct would be sufficient. But that's not what we have involved in this case. In this case... I'm sorry, Your Honor? I wanted to know. Yes. Thank you, thank you. Thank you, Your Honor. So, Mr. Teague was convicted of being a felon in possession and sentenced under Section 2K2.1 of the guidelines. Subsection A4a of that guideline provides for a six-level increase if the defendant has been previously convicted of a crime of violence. And that provision also incorporates as the definition of crime of violence that found in Section 4B1.2. Mr. Teague... I just thought of another question. Are there any Illinois cases clearly describing the distinction between negligently or accidentally causing death versus negligently or accidentally killing the wrong person? Your Honor, the government cited a number of cases in its brief. I believe at pages 17 and 28, I believe, in which the Illinois courts have dealt with that notion of transferred intent and how that's what the provocation mitigator is getting at. Basically, if the defendant shoots at A who is provoking him and misses and hits B, then that intent to kill A is transferred to B. That's really all that language means. And one needs to look no further than the Illinois pattern criminal instruction to also see, based on the way that language is bracketed, how Illinois courts have interpreted that and how Illinois courts instruct on the propagation mitigator. But again, one never actually reaches that language because it's irrelevant to the analysis that this court must apply in light of Mathis. This court's review or the sentencing court's review of whether a particular prior conviction counts for recidivist sentencing is limited to the elements of the offense. And Illinois law could not be more clear that the elements of the second-degree murder are just those of first-degree murder and that the mitigators, including the provocation mitigator that was present in this case, is nothing more than a sentencing issue that is entirely the defendant's burden to prove, and the state has no burden in regard to that provision at all. So once the way it works, as I understand from the cases, the state is required to prove the elements of first-degree murder. That is, the defendant acted intentionally to kill or knowingly or knowingly that his actions created a substantial probability that the victim would be killed. And once the government or, excuse me, the state establishes those propositions, then it shifts to the defendant under the second-degree murder statute, section 9-2, to establish by a preponderance of the evidence. Mathis very clearly teaches us that what's at issue here in this analysis that federal sentencing courts must make are the elements. Those are the things that the prosecution must prove in order to prove the defendant guilty of the offense. So one never reaches the provocation mitigator, so what it means actually is irrelevant in this analysis, but even if you did, even if it was somehow relevant to the analysis of what is a crime of violence, again, as I mentioned just a few moments ago, the district court and the defendant simply miscomprehend how that provocation mitigator works or what that language, excuse me, that negligent and accidental killing language refers to. Under all circumstances in second-degree murder, the defendant must intend to kill someone. It's just a matter of who is the identity of the person that was killed, and whether in regards to the provocation mitigator, whether it was the actual provoker or whether it was someone that he shot at the provoker and missed and hit someone else. So the government believes that under the elements clause that it's clear, as this court has previously found, that second-degree murder is a crime of violence. We think it's equally clear that it's also an enumerated offense under Section 4B.1.2, which enumerates both murder and voluntary manslaughter. Again, when you limit it to only the elements of the offense, we believe that it aligns with the generic offense of murder. As outlined in our brief, we cite the model penal code definition of murder and believe that the elements of second-degree murder meet that. If one were to somehow, for the sake of argument, consider the statutory mitigators in that analysis, then it would certainly align with voluntary manslaughter. In fact, when you look at the cases cited by the government in its brief, you'll see that what Illinois actually did when they revamped their murder statutes was to get rid of the stand-alone offense of voluntary manslaughter and roll it into second-degree murder. So that's further evidence that it would certainly line up with the generic offenses of either murder or voluntary manslaughter as defined in the guidelines. In this case, the error in sentencing that the district court, the error in calculation of the guidelines, certainly did affect the guideline calculation. Again, it was a sixth-level increase that the district court failed to apply. So the resulting range should have been 41 to 51 months. Instead, the district court applied a sentencing guideline range of 21 to 27 months and then sentenced the district court within that improperly calculated guidelines. And I believe under this court's precedent that resentencing is required under those circumstances. It did not indicate that it would impose, that it was imposing this sentence absent or apart from its calculation of the sentencing guidelines. If there's no further questions, the government will rest on its brief. Thank you, Counsel.  Mr. Schultz. May it please the court, counsel for the government, Todd Schultz, Assistant Federal Public Defender representing the defendant, Apelli. The district court in this case correctly determined that the Apelli's Illinois conviction for second-degree murder is not a crime of violence under the guideline. We're respectfully asking that this court would affirm the district court's decision. Unless there are any questions, I intend to stand on the brief. Could you provide an example or cite an Illinois case involving a second-degree murder conviction that rested on a negligent or accidental killing, not because the defendant killed the wrong victim, but because the act of killing itself was negligent or accidental? No, I cannot, Your Honor. That would be involuntary manslaughter in Illinois, wouldn't it? I believe you are correct, Your Honor. In Illinois, in a recent case, first- and second-degree murders are separate offenses. They're not overlapping, right? People v. Fort, are you familiar with that case? Your Honor, if it's referenced in the briefs, I've read the briefs in preparation of today, and so I do believe... It wasn't in the briefs. It wasn't in the briefs. My understanding is consistent with what the court is saying, though, that they are separate offenses. Thank you. Your Honor, just to that point, my understanding from the cases that I looked at, that while they are separate offenses, the Illinois Supreme Court in People v. Jeffries indicated that the offense of second-degree murder is better described as the mitigated offense of first-degree murder, not a lesser-included offense, and I believe that would be consistent with the case at the court. Well, the statute itself says for second-degree murder, you have to prove first-degree murder, and then you can almost stop at that point. That's why the government believes it was so obvious that there was an error committed here and not categorizing it as a crime of violence. Thank you. Thanks to both counsel. The case is taken under advisement.